IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | DEMAND FOR JURY TRIAL |
| VOYAGER DIGITAL, LLC, | § § § | |
| Defendant. | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, UNJUST ENRICHMENT, AND STATUTORY VIOLATIONS**

Plaintiff U.S. Bank National Association ("U.S. Bank"), for its Complaint against Voyager Digital, LLC states and alleges as follows:

**PARTIES**

1. U.S. Bank is a United States National Banking Association having its principal place of business at 800 Nicollet Mall, Minneapolis, MN 55402.

2. On information and belief, Voyager Digital, LLC is a limited liability company having its principal place of business at 33 Irving Place, New York, NY 10003. Voyager Digital, LLC may be served with process through its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808.

**JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 15 U.S.C. § 1116, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1338(b), as this case arises under the Lanham (Trademark) Act, 15 U.S.C. § 1051 *et seq.* This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367, as they are so

related to the claims in the action within original jurisdiction that they form part of the same case or controversy.

4. The matter in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between a citizen of a state and a citizen of a foreign state. Therefore, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

5. This Court has specific personal jurisdiction over Voyager Digital, LLC because: (a) Voyager Digital is doing business in Minnesota by offering for sale and selling goods and services in Minnesota in connection with Voyager Digital's infringing Voyager mark; and (b) Voyager Digital operates an interactive website, accessible in Minnesota, which makes use of Voyager Digital's infringing Voyager mark to promote its products and services.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## U.S. BANK'S USE AND REGISTRATION OF THE VOYAGER MARK

7. U.S. Bank is well-known as one of the country's most prominent banking and finance institutions and can trace its roots back to 1863.

8. Today, U.S. Bank is a Fortune 500 company and the fifth-largest banking institution in America. U.S. Bank itself or through its subsidiaries provides a wide range of financial services to its customers, including banking, investment, mortgage, trust, and payment services (including credit and debit cards) products to individuals, businesses, governmental entities, and other financial institutions.

9. U.S. Bank owns and uses the mark VOYAGER in connection with credit card payment and information tracking services (the "VOYAGER Mark").

10. U.S. Bank commenced use of the VOYAGER Mark, in commerce which may lawfully be regulated by Congress, at least as early as 1995.

11. Continuously since 1995, U.S. Bank has offered the VOYAGER Fleet Card, which has enjoyed considerable success as a fleet management option, allowing businesses to pay for and track fleet-related expenses, fuel purchases, and maintenance costs with the ease of uniform billing, an extensive network of accepting locations, flexible spend controls, and comprehensive data collection.

12. VOYAGER Fleet Card customers also enjoy access to a companion mobile app and cash-back rebate and discount options, along with other incentive reward programs that are tied to use of VOYAGER credit cards.

13. U.S. Bank advertises the VOYAGER Fleet Card in connection with the VOYAGER Mark on its website at www.usbank.com.

14. The VOYAGER Mark is used extensively on the website.

15. U.S. Bank markets its products and services in connection with the VOYAGER Mark through its website, in addition to in traditional forms of advertising.

16. The VOYAGER Mark is inherently distinctive and serves to identify and indicate the source of U.S. Bank's products and services to the consuming public.

17. U.S. Bank has developed an enormous amount of goodwill in its VOYAGER Mark. This mark is extremely well-known and respected by consumers. The VOYAGER Mark represents U.S. Bank's commitment to providing high quality products to consumers.

18. Through over 25 years of use and promotion of the VOYAGER Mark by U.S. Bank, the VOYAGER Mark has become distinctive to designate U.S. Bank, to distinguish U.S. Bank and

its products from the products of other businesses, and to distinguish the source or origin of U.S. Bank's products.

19. As a result of these efforts by U.S. Bank, the consuming public in Minnesota and throughout the United States widely recognizes and associates the VOYAGER Mark with U.S. Bank and its products.

20. As a result of U.S. Bank's long use and promotion of the VOYAGER Mark in Minnesota and elsewhere, U.S. Bank has acquired valuable common law rights in the VOYAGER Mark.

21. In addition to its common law rights, in accordance with federal law, U.S. Bank has filed applications and obtained a registration for the VOYAGER Mark on the Principal Register of the United States Patent and Trademark Office, as follows:

| REG. NO. or APP. NO. | GOODS |
|---|---|
| 2992449 | Business management services, namely, providing information and analysis of performance and productivity data for fleet vehicles to assist in improving fleet efficiency, in Class 35, and Credit card services for fleet vehicle management, in Class 36. |
| 97/076902 | Magnetically encoded credit cards; Downloadable mobile applications for fleet vehicle management, identifying fleet credit card acceptance, current fuel pricing, and routing to fueling locations, in Class 9, Business administration of consumer loyalty programs; Administration of a program for enabling participants to obtain discounts and rebates on products and services, in Class 35, and Issuing credit cards; Financial administration of credit card accounts; Providing cash and other rebates at participating establishments of others through use of a credit card; Payment processing services, namely, credit card transaction processing services; Payment processing services in the field of credit card and payments; Electronic credit card transaction processing, in Class 36. |

Copies of this registration and application are attached hereto as Exhibits 1–2.

22. U.S. Registration No. 2,992,449 is valid and subsisting.

23. U.S. Registration No. 2,992,449 is also incontestable pursuant to 15 U.S.C. § 1065.

4

## VOYAGER DIGITAL'S ACTIVITIES

24. On information and belief, Voyager Digital began operating in January 2018.

25. Voyager Digital offers goods and services relating to cryptocurrency, including a cryptocurrency payment system and a mobile app that allows users to acquire and trade "Voyager" crypto tokens, along with Bitcoin and other digital assets.

26. On information and belief, on May 1, 2021, Voyager Digital unveiled a new loyalty program and token utility model. This loyalty program provides 9% earnings on Voyager-held tokens, along with a debit card with cash back rewards.

27. On information and belief, the debit card offered by Voyager Digital enables its customers to exchange the customers' cryptocurrency into the form of U.S. dollars that are placed in the debit card account to enable the customer to make purchases of any good or service in the U.S. market that can be purchased with a debit card.

28. Voyager Digital offers its debit card and debit card services in the United States in connection with and bearing the mark "Voyager" prominently on the front of its debit card (hereinafter "VD's Infringing Mark").

29. Voyager Digital is not affiliated with or sponsored by U.S. Bank and has not been authorized by U.S. Bank to use the VOYAGER Mark.

30. According to Voyager Digital's own statements, Voyager debit card and debit card services are marketed to **_all_** residents of the United States (excluding the residents of New York, but including residents of Minnesota)—in connection with VD's Infringing Mark—at least through Voyager Digital's app and website, as follows:

App:

8:04
VOYAGER
debit
mastercard
You're invited to the
Voyager Debit Mastercard®
A card that earns like crypto and spends like
cash, all from your Voyager account.
Get Early Access
Market
Portfolio
Debit
Account

Website:

VOYAGER
INTRODUCING
The Voyager Debit Card
Voyager Debit Mastercard®
GET EARLY ACCESS
debit
mastercard



31. Voyager Digital's website, which is accessible via the domain name investvoyager.com, is interactive. It permits potential customers to pre-register for the "Voyager Debit Card" by collecting names and email addresses. On information and belief, Voyager Digital then provides information about acquisition of the card to customers. The website also allows potential customers a link to download Voyager Digital's app and to sign up to be on Voyager Digital's mailing list to receive news.

32. Voyager Digital adopted VD's Infringing Mark for its debit card and debit card services long after U.S. Bank developed trademark rights in the VOYAGER Mark in the United States.

33. On information and belief, Voyager Digital announced its "Voyager Debit Mastercard" in connection with debit cards and debit card services on November 16, 2021.

34. U.S. Bank first used the VOYAGER Mark in connection with credit cards and credit card services on May 15, 1995, more than 25 years before VD's Infringing Mark was unveiled.

35. U.S. Bank filed its first trademark application for the VOYAGER Mark on July 14, 2004, more than 16 years before VD's Infringing Mark was unveiled.

36. U.S. Bank was issued U.S. Registration No. 2,992,449 for the VOYAGER Mark on September 6, 2005, more than 15 years before VD's Infringing Mark was unveiled.

37. Therefore, U.S. Bank's VOYAGER Mark enjoys priority over VD's Infringing Mark.

38. VD's Infringing Mark is identical to or highly similar to the VOYAGER Mark.

39. The commercial impression of VD's Infringing Mark is identical or highly similar to the commercial impression of the VOYAGER Mark.

40. Voyager Digital uses VD's Infringing Mark to promote and sell products and services which are identical, overlapping, related to, or within the zone of natural expansion of those promoted and sold by U.S. Bank in connection with the VOYAGER Mark.

41. Voyager Digital uses VD's Infringing Mark to promote its goods and services to the same or similar purchasers to whom U.S. Bank promotes its goods and services in connection with the VOYAGER Mark.

42. Voyager Digital uses VD's Infringing Mark to promote its goods and services through the same or similar trade channels as U.S. Bank uses to promote its goods and services in connection with the VOYAGER Mark.

43. On information and belief there are many relevant purchasers who use both banking and cryptocurrency services and view them as competitive alternatives.

44. Therefore, on information and belief, relevant purchasers are likely to believe that a company that offers U.S. Bank's goods and services in connection with the VOYAGER Mark offers, or will likely in the near future offer, Voyager Digital's goods and services.

45. As a result of Voyager Digital's use of VD's Infringing Mark in connection with its debit card and debit card services, U.S. Bank has received inquiries from customers asking about Voyager Digital and Voyager Digital's debit card product.

46. Based on U.S. Bank's U.S. Registration No. 2,992,449, Voyager Digital was on constructive notice of U.S. Bank's prior rights in the VOYAGER Mark prior to the incorporation of Voyager Digital in January 2018.

47. Based on U.S. Bank's U.S. Registration No. 2,992,449, Voyager Digital was on constructive notice of U.S. Bank's prior rights in the VOYAGER Mark prior to adopting VD's Infringing Mark, which was unveiled in May 1, 2021.

48. After learning of Voyager Digital's use of VD's Infringing Mark, U.S. Bank sent Voyager Digital a cease and desist letter on October 22, 2021, putting Voyager Digital on actual notice of U.S. Bank's prior rights in the VOYAGER Mark—and objection to Voyager Digital's use of VD's Infringing Mark—at least by that date.

49. On information and belief, Voyager Digital had actual notice of the VOYAGER Mark prior to adoption of VD's Infringing Mark.

50. On information and belief, Voyager Digital had actual notice of the VOYAGER Mark prior to receiving the cease and desist letter from U.S. Bank.

51. On January 10, 2022, more than two months after receiving U.S. Bank's cease and desist letter, and, therefore, despite having actual and constructive notice of U.S. Bank's prior rights in the VOYAGER Mark and U.S. Bank's objections to Voyager Digital's use and registration of VD's Infringing Mark, Voyager Digital's affiliated company Voyager IP, LLC filed U.S. Application No. 97/211272 for "VOYAGERPAY" in Classes 9, 35, 36, 38, and 42, for goods and services including "issuing of debit cards; debit card transaction processing services; . . . [and] bill payment services . . . ."

52. Also on January 10, 2022, more than two months after receiving U.S. Bank's cease and desist letter, and, therefore, despite having actual and constructive notice of U.S. Bank's prior rights in the VOYAGER Mark and U.S. Bank's objections to Voyager Digital's use and registration of VD's Infringing Mark, Voyager IP, LLC filed U.S. Application No. 97/211264 for "CRYPTO FOR ALL VOYAGER" in Classes 9, 36, 38, and 42, for goods and services including "issuing of magnetically encoded and machine readable plastic access cards for use in connection with payment for goods and services; payment processing services, namely, contactless credit card and debit card transaction processing services . . . credit card services; [and] debit card services."

53. Although the VOYAGERPAY and CRYPTO FOR ALL VOYAGER applications have not yet been examined and published for opposition, U.S. Bank will challenge those applications at the appropriate time.

54. On information and belief, Voyager Digital adopted VD's Infringing Mark to trade on the good will and reputation of the Voyager Mark.

55. Despite being on constructive and actual notice of U.S. Bank's prior rights in the VOYAGER Mark and objection to Voyager Digital's use of VD's Infringing Mark -- and U.S. Bank's attempts to resolve this dispute through numerous exchanges with Voyager Digital over several months -- Voyager Digital has refused to cease use of VD's Infringing Mark (and Voyager Digital's affiliated company Voyager IP, LLC went ahead and filed two applications for variations of VD's Infringing Mark), necessitating that U.S. Bank file this lawsuit.

56. Therefore, Voyager Digital's infringing and unfair activities are intentional and willful.

### EFFECT OF VOYAGER DIGITAL'S ACTIVITIES ON U.S. BANK AND THE CONSUMING PUBLIC

57. Voyager Digital's offer for sale and/or sale of its goods and services in the United States using VD's Infringing Mark constitute use of VD's Infringing Mark in commerce.

58. Voyager Digital's offer for sale and/or sale of its goods and services using VD's Infringing Mark in Minnesota constitute transacting business in Minnesota.

59. Voyager Digital's unauthorized use of VD's Infringing Mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Voyager Digital with U.S. Bank, or as to the origin, sponsorship, or approval of Voyager Digital's goods and services.

60. Voyager Digital's unauthorized use of VD's Infringing Mark falsely designates the origin of its goods and services, and falsely and misleadingly describes and represents facts with respect to Voyager Digital and its goods and services.

61. Voyager Digital's unauthorized use of VD's Infringing Mark enables Voyager Digital to trade on and receive the benefit of goodwill U.S. Bank built up at great labor and expense over many years, and to gain acceptance for its goods and services not solely on their own merits, but on the reputation and goodwill of U.S. Bank, the Voyager Mark, and U.S. Bank's goods and services.

62. Voyager Digital's unauthorized use of VD's Infringing Mark removes from U.S. Bank the ability to control the nature and quality of goods and services provided under the Voyager Mark and places the valuable reputation and goodwill of U.S. Bank in the hands of Voyager Digital, over which U.S. Bank has no control.

63. Unless these acts of Voyager Digital are restrained by this Court, they will continue, and they will continue to cause irreparable injury to U.S. Bank and to the public for which there is no adequate remedy at law.

64. On information and belief, Voyager Digital's acts complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of U.S. Bank's rights in the Voyager Mark, and with an intent to trade on U.S. Bank's goodwill in the Voyager Mark.

**COUNT I: FEDERAL TRADEMARK INFRINGEMENT**

65. U.S. Bank repeats the allegations above as if fully set forth herein.

66. The acts of Voyager Digital complained of herein constitute infringement of U.S. Bank's federally registered Voyager Mark in violation of 15 U.S.C. § 1114.

67. In view of the egregious nature of Voyager Digital's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION

68. U.S. Bank repeats the allegations above as if fully set forth herein.

69. The acts of Voyager Digital complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III: TRADEMARK AND TRADE NAME INFRINGEMENT UNDER THE COMMON LAW OF MINNESOTA

70. U.S. Bank repeats the allegations above as if fully set forth herein.

71. The acts of Voyager Digital complained of herein constitute trademark infringement in violation of the common law of Minnesota.

## COUNT IV: UNFAIR COMPETITION UNDER THE COMMON LAW OF MINNESOTA

72. U.S. Bank repeats the allegations above as if fully set forth herein.

73. The acts of Voyager Digital complained of herein constitute unfair competition in violation of the common law of Minnesota.

## COUNT V: UNJUST ENRICHMENT

74. U.S. Bank repeats the allegations above as if fully set forth herein.

75. The acts of Voyager Digital complained of herein constitute unjust enrichment of Voyager Digital at U.S. Bank's expense.

## COUNT VI: VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT

76. U.S. Bank repeats the allegations above as if fully set forth herein.

77. The acts of Voyager Digital complained of herein constitute a deceptive trade practice in violation of Minn. Stat. Ann. §§ 325D.43 to 325D.48.

**PRAYER**

WHEREFORE, U.S. Bank prays that:

(a) Voyager Digital, its agents, servants, employees, attorneys, and all those persons in active concert or participation with Voyager Digital, be preliminarily and permanently enjoined and restrained from using VD's Infringing Mark, any other mark that incorporates the use of "Voyager," and any other name or mark that is confusingly similar to the Voyager Mark on or in connection with the offer for or sale of debit cards, debit card services, or any similar products or services;

(b) Voyager Digital be ordered to deliver up to U.S. Bank for destruction all products, goods, signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, and any other written or printed material in its possession or under its control which contain or encompass the VD's Infringing Mark or other source identifier on or in connection with the offer for sale or sale of debit cards, debit card services, or any similar products or services; any colorable imitations thereof, or any marks, names, or source identifiers confusingly similar to the Voyager Mark;

(d) Voyager Digital be ordered to file with this Court and to serve upon U.S. Bank, within thirty (30) days after the entry and service on Voyager Digital of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Voyager Digital has complied with the injunction;

(e) U.S. Bank recover all damages it has sustained as a result of Voyager Digital's activities and that said damages be trebled;

  (f) An accounting be directed to determine Voyager Digital's profits resulting from its activities and that such profits be paid over to U.S. Bank, increased as the Court finds to be just under the circumstances of this case;

  (g) U.S. Bank recover its reasonable attorney fees;

  (h) U.S. Bank recover its costs of this action and prejudgment and post-judgment interest; and

  (i) U.S. Bank recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), U.S. Bank demands a trial by jury.

DATED:  May 18, 2022  Respectfully submitted,

  By */s/ Timothy M. Kenny*
   NORTON ROSE FULBRIGHT US LLP

   Timothy M. Kenny
   Nathaniel W. Mannebach
   3100 RBC Plaza
   60 South Sixth Street
   Minneapolis, MN  55402-2112
   Telephone:  (612) 321-2800
   Facsimile:  (612) 321-2288
   tim.kenny@nortonrosefulbright.com
   nathan.mannebach@nortonrosefulbright.com

   Attorneys for U.S. Bank National Association